1  Kyle Perez
2  9251 Notre Dame Avenue
   Chatsworth, California 91311
3  kyleperezestate@gmail.com
   Plaintiff in *Pro Per*
4
5  Marley West
   9251 Notre Dame Avenue
6  Chatsworth, California 91311
7  marleyalaina@gmail.com
   Plaintiff in *Pro Se*
8

**U.S. COURTS**

NOV 17 2025

Counter
Rcvd____Filed____Time 9:45 AM
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

9           **UNITED STATES DISTRICT COURT**
10            **FOR THE DISTRICT OF IDAHO**
11            **COEUR D' ALENE DIVISION**
12  Kyle Perez, Marley West                  ) Case No. CV 25-0656-N REP
13                        Plaintiffs,         )
                                              ) **COMPLAINT FOR DAMAGES,**
14        v.                                  ) **INJUNCTIVE RELIEF AND**
                                              ) **MUNICIPAL LIABILITY**
15                                            ) (*42 U.S.C. § 1983, 14th & 4th*
    Benjamin Burns, Jacob Owens,             ) *Amendments*)
16  individually and as attorney for Burns;  )
17  BRISTOL GEORGE, PLLC, law firm;          ) **State Law Claims:**
    KOOTENAI COUNTY SHERIFF'S                )    1. **Conversion**
18  OFFICE; DEPUTY WALLACE,                  )    2. **Negligence**
19  individually and in official capacity,   )    3. **Bailment**
                                              )    4. **IIED**
20                        Defendants.         )    5. **Trespass to Chattels**
21  _____         )
22
23
24
25
26
27
28

Kyle Perez (hereafter "Plaintiff") and Marley West (collectively "Plaintiffs") sue Defendants Benjamin Burns (hereafter "Burns"), Jacob Owens, individually and as attorney for Burns (hereafter "Owens"), Bristol George PLLC, law firm, Kootenai County Sheriff's Office and Deputy Wallace, individually and in official capacity, for money damages resulting from violations of due process and declare as follows:

## I. PRELIMINARY STATEMENT

Plaintiffs Kyle Perez and Marley West bring this action to recover for the unlawful seizure and deprivation of personal property, illegal eviction, conversion, destruction of live animals, intentional infliction of emotional distress, and violations of constitutional due process and Fourth Amendment rights.

Defendants, acting jointly and under color of state law, forcibly removed Plaintiffs and Plaintiffs' property from a residence located in Post Falls, Idaho, without notice, without lawful authority, and in direct violation of statutory and constitutional protections.

Plaintiffs seek compensatory and punitive damages, injunctive relief to preserve property, and all legal remedies available under federal and state law

## II. PARTIES

1.      Plaintiffs Kyle Perez and Marley West are residents of Kootenai County, Idaho, and occupants of the property at issue.

2.      Defendant Benjamin Burns is the landlord of the Post Falls residence.

3.      Defendant Jacob Owens is the attorney for Burns, Bristol George PLLC, personally involved in coordinating the removal, storage, and threatened destruction of Plaintiffs' property.

4.      Defendant Bristol George PLLC is the law firm representing Burns, responsible for communications, notices, and property handling instructions.

5.     Defendant Kootenai County Sheriff's Office is the law enforcement agency responsible for executing the unlawful writ of eviction against unnamed parties and non-party occupants.

6.     Defendant Deputy Wallace is the officer executing the writ and specifically demanding removal of Plaintiffs not named in the writ and Plaintiffs property.

## III. JURISDICTION

7.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (federal question and civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

8.     This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, which provides a remedy against any person acting under color of state law who deprives another of rights secured by the Constitution.

9.     Venue is proper under 28 U.S.C. § 1391(b) because all defendants reside in, and the events giving rise to the claims occurred within, the District of Idaho, Northern Division.

10.     This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) because this action seeks redress for the deprivation of rights secured by the Constitution and laws of the United States under color of state law.

## IV. FACTUAL BACKGROUND

1.     In October of 2021 Plaintiff Perez purchased the subject property through Quamish Drive LLC from Defendant Burns via seller financing with a 3-year balloon note due in 2024.

2.     Financing was not secured by the time the balloon became due and Defendant Burns chose to foreclose on the subject property rather than extend the term and work out an amicable deal with Plaintiff Perez.

3.     No payments were ever missed on the loan, but despite that fact, Burns chose foreclosure instead of modifying the terms of the loan.

4. In May of 2025 the property was foreclosed on and reverted to Burns.

5. On or around September of 2025 Burns sued WH Recovery Post Falls Inc. for unlawful detainer, evidently believing that it was sufficient to evict Plaintiff Perez and anyone else claiming under the entity WH Recovery Post Falls Inc.

6. The President and purported owner for WH Recovery Post Falls Inc., Elhadi Benkirane, was going back and forth with Owens over email attempting to work out a deal for WH Recovery Post Falls Inc. independent from Plaintiffs.

7. Burns, Owens and Bristol George never bothered to sue any other entity or individual, despite knowing the legal name of Plaintiff Perez and of the entity which purchased the subject property from Burns, Quamish Drive LLC. Only WH Recovery Post Falls Inc. was named as a defendant.

8. Plaintiff West was not mentioned at all in the lawsuit that Burns filed against WH Recovery Post Falls Inc for unlawful detainer.

9. Plaintiffs were not named as parties in the action and had no writ of execution issued against them.

10. The writ of restitution issued in *Burns v. WH Recovery Post Falls, Inc.* named only one defendant: WH Recovery Post Falls, Inc. Neither Plaintiff Perez nor Plaintiff West were named parties, were served, joined, or placed within the court's jurisdiction.

11. Plaintiffs do not make any claim under the entity WH Recovery Post Falls Inc.

12. Plaintiffs were never named, served, or joined in the underlying unlawful detainer proceeding, and therefore no valid judgment or writ of restitution existed as to them. The enforcement of the writ against non-parties constituted an action without personal jurisdiction, rendering the writ void *ab initio*.

13. Because Plaintiffs were never parties or in privity with any party to *Burns v. WH Recovery Post Falls, Inc.*, they cannot be bound by that judgment under principles of non-party preclusion. *Taylor v. Sturgell*, 553 U.S. 880 (2008).

Under Idaho law, any judgment or order applied to a person over whom the court lacked personal jurisdiction is void and must be vacated. *Johnson v. Powers*, 85 Idaho 235 (1963).

14. Enforcement of a writ against non-parties constitutes an absence of judicial authority, not a mere error. See *Taylor v. Sturgell*, 553 U.S. 880 (2008) (non-party cannot be bound by a judgment absent recognized exceptions)

15. Under Idaho and federal law, enforcement of a writ against a person over whom the court lacks personal jurisdiction is ultra vires, and any such enforcement is void ab initio. *Johnson v. Powers*, 85 Idaho 235 (1963) ("A judgment entered without jurisdiction is void and must be vacated.")

16. Deputy Wallace acted outside the scope of any lawful authority, rendering the eviction and seizure ultra vires and unconstitutional under the Fourth and Fourteenth Amendments.

17. Ultra vires acts — such as enforcing a writ against non-parties who were never served or named — fall outside any objectively reasonable belief in lawful authority and therefore are not protected by qualified immunity.

18. On October 6, 2024, Plaintiff West contacted Judge McCrea's assistant, Alyssa Schertz, to inquire about an upcoming hearing scheduled for October 7 relating to the original eviction filing, and to determine the proper procedure for filing a Motion to Intervene due to her leasehold interest in the property. Ms. Schertz informed Plaintiff West that a judgment had been entered earlier that same day and that the matter was considered closed.

19. On October 14, 2024, Plaintiff West formally filed a Motion to Intervene, Motion to Stay Enforcement, and Motion to Preclude or Quash the Writ of Restitution. Ms. Schertz advised her via phone that a hearing on the motion was scheduled for November 7, 2024.

20. On October 23, 2024, while traveling to California, Plaintiff West received a phone call from Plaintiff Perez at approximately 2:00 p.m., informing her that sheriff's deputies were outside the residence in Post Falls, Idaho.

21. Plaintiff West checked her home security cameras and observed multiple Sheriff's Office vehicles and unmarked police cars surrounding the property.

22. At approximately 2:14 p.m., Plaintiff West contacted the Kootenai County Sheriff's Office to determine what was occurring. She was transferred to Defendant Deputy Wallace, who immediately stated: *"Why isn't Kyle coming to the door?"*

23. Plaintiff West asked what this had to do with Plaintiff Perez. Defendant Wallace stated that Plaintiff Perez must come to the door immediately with the dog "or we will be knocking the door in."

24. Defendant Wallace informed Plaintiff West that he was at the home to evict Plaintiff West and Plaintiff Perez, stating that a Writ of Execution had been issued on October 20, 2024. Defendant Wallace made no mention of the entity WH Recovery Post Falls, Inc., and referred only to the two Plaintiffs by name.

25. Plaintiff West informed Defendant Wallace that she had a pending hearing scheduled for November 7 on her Motion to Intervene, that she was not a named party to the original action, and that Plaintiff Perez was not a named party either. Plaintiff West advised Defendant Wallace that the court lacked jurisdiction to evict them.

26. Defendant Wallace began raising his voice at Plaintiff West, accusing her of "playing games," and threatened to knock the door in and arrest Plaintiff Perez.

27. Fearing for the safety of her animal and Plaintiff Perez, and being hundreds of miles away, Plaintiff West instructed Plaintiff Perez to place the service animal on a leash and open the door under duress.

28.    Plaintiff Perez informed deputies that he was not a named party and neither was Plaintiff West.

29.    Sheriffs told Plaintiff Perez that he was personally named, along with Plaintiff West.

30.    A true and correct copy of the Writ of Execution that was served on Plaintiff Perez is attached hereto as Exhibit A.

31.    Plaintiff West remained on the phone as Plaintiff Perez interacted with Defendants Wallace and Benjamin Burns (the landlord). Plaintiff Perez immediately asked what would happen to the Plaintiffs' property and informed them that Plaintiff West was out of town.

32.    Defendant Wallace stated that it was up to Defendant Burns to determine a "reasonable timeframe" for retrieving the property.

33.    Defendant Burns began verbally berating Plaintiff Perez, stating statements like: "I want my fucking house back. Go fuck yourself. Get the fuck out of my house."

34.    Plaintiff Perez was told he had only until the locksmith arrived to retrieve whatever belongings he could and to remove vehicles from the property or they would be towed.

35.    Defendants Wallace and other officers followed Plaintiff Perez through the home and informed him he had five minutes remaining to gather belongings. He was prevented from retrieving the majority of Plaintiffs' property, including live animals.

36.    During this time, Plaintiff West was stranded on the roadside crying and in fear for Plaintiff Perez's safety, her service animal's safety, and the loss of her property.

37.    At approximately 2:49 p.m, Plaintiff West called Defendant Bristol George law firm and requested to speak with Defendant Attorney Jacob Owens. Staff member Eileen stated Owens was in the office but after briefly checking, stated

he "had a deadline and couldn't be bothered," and would not take the call. Eileen then stated Owens had just left the office but could be reached by email.

38.     At approximately 4:29 p.m., Plaintiff West emailed Defendant Owens informing him of the unlawful eviction and seizure of her property and demanding information about the status and protection of her property. A true and correct copy of the email that was sent to Defendant Owens is attached hereto as Exhibit B.

39.     Defendant Owens never responded.

40.     Plaintiff West then emailed Ms. Schertz seeking clarification as to how a Writ of Execution could be issued against her and Plaintiff Perez when they were not parties to the action and she had a pending hearing on her Motion to Intervene. A true and correct copy of the email that was sent is attached hereto as Exhibit C.

41.     Deputy Wallace, acting under color of law, forcibly removed Plaintiffs and Plaintiffs' property.

42.     Plaintiffs requested multiple times to retrieve their property prior to removal (in person, over the phone, email), but Defendants refused. A true and correct copy of Plaintiffs' Property inventory is attached hereto as Exhibit D.

43.     Property removed included, but was not limited to:

a. Over $150,000.00 in furniture, luxury items, materials, storable food, electronics and hard drives and personal belongings belonging to Plaintiffs.

b. Family heirlooms and personal/banking records.

c. HIPAA-protected client files from behavioral health practice.

d. Live animals.

e. Plants and perishables, including deep freezer and pantry contents.

f. Personal identification documents: birth/death certificates, social security cards.

44.     On October 27, Plaintiff West filed an Ex Parte Motion for Temporary Stay of Enforcement of the Writ of Execution.

45.    At 1:16 p.m., Judge McHugh, acting in place of Judge McCrea, granted the Temporary Stay and signed the order. A true and correct copy of the order is attached hereto as Exhibit E.

46.    Ms. Schertz advised Plaintiff West that this Stay Order restored possession of the property to her until the November 7 hearing. A true and correct copy of the email that was sent by Ms. Schertz is attached hereto as Exhibit F.

47.    Plaintiff West immediately contacted the Kootenai County Sheriff's Civil Division and spoke to Sheryn and Kerry, who instructed her to email the order so it could be reviewed by their attorney. They also advised her to contact Post Falls Police Department to assist with re-entry.

48.    On October 28 at approximately 10:25 a.m., Plaintiff West contacted Post Falls Police Officer Childers. She emailed him the Stay Order and provided the name of Defendant Burns so that the officer could notify him.

49.    Plaintiff West also called the Kootenai County Sheriff's Office requesting to speak with Defendant Wallace.

50.    Defendant Wallace called back and Plaintiff West informed him of the Stay Order, the unlawful nature of the eviction, and the improper notice. Defendant Wallace stated he had provided notice. Plaintiff West explained that the document given to Plaintiff Perez listed the date of October 25, 2025 two days after the actual eviction. Defendant Wallace claimed this was a "mistake," and asserted that the matter was "closed" and that he could not be held liable. That "mistake" foreshadowed more serious mistakes that were taking place.

51.    Officer Childers soon called Plaintiff West back, stating that he was unable to contact Defendant Burns, but had spoken with Defendant Owens. Defendant Owens stated he would not abide by the Stay Order signed by Judge McHugh and would take no action until the November 7 hearing.

52.    At the hearing on November 7, Judge McCrea did not establish or find that Plaintiff West or Plaintiff Perez were agents or representatives of WH Recovery Post Falls, Inc.

53.    Any post-deprivation hearing held on November 7 did not cure the deprivation, because by that time Plaintiffs had already been dispossessed of their home and property and Defendants had refused to inventory or allow retrieval.

54.    Judge McCrea stated that because Plaintiff West had access to the mailbox and was a resident of the property, she "knew" of the litigation, even though all litigation mail and service was addressed solely to WH Recovery Post Falls, Inc. (not her mail), and despite Plaintiff West's prior inquiry about the ability to intervene. A true and correct copy of the minute order that was filed is attached hereto as Exhibit G (*See* time stamp 3:16:09).

55.    Judge McCrea denied Plaintiff West's Motion to Stay Enforcement and Quash the Writ of Execution.

56.    Judge McCrea stated she could not address Plaintiff West's personal property. Plaintiff West immediately stated she would be returning to court for this issue. A true and correct copy of the minute order that was filed is attached hereto as Exhibit G time stamp 3:24:15.

57.    After the hearing, Plaintiff West asked Defendant Owens when she could retrieve her property. Owens stated he would "be in touch" and said he would reach out by email. Owens refused to answer questions about the status of her live animals, which were inside the residence at the time of the eviction.

58.    On November 9, Plaintiff West emailed Defendant Owens regarding retrieval of her property. No response was received. A true and correct copy of the email that was sent is attached hereto as Exhibit H.

59.    On November 10 at 1:30 p.m., Plaintiff West called Bristol George and discovered her phone number had been blocked. She called again from a blocked

number, spoke to Eileen, and requested to speak with Defendant Owens. She was told he was in his office but was immediately routed to voicemail.

60.    At approximately 1:35 p.m., Plaintiff West emailed Defendant Owens again. A true and correct copy of the email that was sent is attached hereto as Exhibit I.

61.    On November 11, Defendant Owens responded by email, referring to the personal property repeatedly as belonging to "WH Recovery Post Falls, Inc.", and asserting that Plaintiff West was an "agent," which is factually false. A true and correct copy of the email that was sent is attached hereto as Exhibit J.

62.    Plaintiff West responded the same day with a formal demand for:

a. a complete inventory of the property;

b. an opportunity to inspect the property;

c. clarification on retrieval.

She informed Owens she had no mailing address and would pick up any key to storage in person. She also clarified that she was not an agent of WH Recovery Post Falls, Inc. A true and correct copy of the email that was sent is attached hereto as Exhibit K.

63.    On November 12, Defendant Owens responded that the matter was "closed," that Plaintiffs' property would be disposed of, and threatened that if Plaintiff West appeared at the law office, the police would be called. A true and correct copy of the email that was sent is attached hereto as Exhibit L.

64.    Plaintiff West responded with a final demand and advised that failure to comply would result in filing a federal action. No further communication was received. A true and correct copy of the email that was sent is attached hereto as Exhibit M.

65.    Plaintiffs formally demanded preservation of all property and evidence via multiple letters; Defendants have refused to comply and have threatened

1  disposal, stating property will be disposed of and police would be called if Plaintiffs

2  attempted retrieval.

3       66.    Defendants' conduct has caused Plaintiffs severe emotional distress,

4  including depression, insomnia, anxiety, loss of appetite, stress-induced physical

5  symptoms, anger, paranoia, and fear.

6       67.    Defendants acted maliciously, in bad faith, and in deliberate disregard

7  for Plaintiffs' legal rights.

8                        **V. <u>CLAIMS</u>**

9  **ULTRA VIRES ENFORCEMENT OF THE WRIT (VOID AB INITIO)**

10      68.    Plaintiffs reallege the foregoing paragraphs.

11      69.    The writ of restitution issued in *Burns v. WH Recovery Post Falls,*

12  *Inc.* identified only WH Recovery Post Falls, Inc. as the defendant and judgment

13  debtor. Neither Plaintiff Perez nor Plaintiff West were parties to that action, were

14  never served with process, and were never brought within the personal jurisdiction

15  of the state court. Under Idaho law, an order or judgment issued against a person

16  over whom the court lacks personal jurisdiction is void ab initio, not merely

17  erroneous. *Johnson v. Powers*, 85 Idaho 235, 238–39 (1963) ("A judgment entered

18  without jurisdiction is void and must be vacated.").

19      70.    Because Plaintiffs were never parties or in privity with WH Recovery

20  Post Falls, Inc., the state court's judgment cannot bind them. *Taylor v. Sturgell*, 553

21  U.S. 880, 893–95 (2008). Enforcement of the writ against Plaintiffs—non-parties

22  with independent property and possessory interests—constituted an ultra vires act,

23  as no court ever authorized their removal or seizure of their personal property.

24      71.    Deputy Wallace and Kootenai County Sheriffs executed the writ

25  against Plaintiffs despite explicit notice that they were not named parties, despite

26  being informed that Plaintiff West had a pending motion and a scheduled hearing to

27  intervene, and despite the facial deficiency of the writ. Acting without any lawful

28  authority places such conduct outside the scope of any objectively reasonable

1   officer, and therefore outside the protection of qualified immunity. See *Soldal v.*
2   *Cook County*, 506 U.S. 56, 61–63 (1992) (state actors may not participate in the
3   seizure or removal of property absent lawful process.

**Count 1 — 42 U.S.C. §1983: Due Process Violation (14th Amendment)**

5       72.    Plaintiffs reallege the foregoing paragraphs.

6       73.    Deputy Wallace, acting under color of state law, deprived Plaintiffs of
7   property and possession of their residence without notice, without a hearing, and
8   without any lawful authority, because Plaintiffs were not parties to the underlying
9   case and no writ named them. The writ, on its face, identified only WH Recovery
10  Post Falls, Inc. and conferred no jurisdiction over Plaintiffs.

11      74.    Executing a writ against non-parties is constitutionally void and
12  violates clearly established due process principles requiring notice and a meaningful
13  opportunity to be heard before a deprivation of property. *Fuentes*, 407 U.S. at 80–
14  81. Plaintiffs explicitly informed Deputy Wallace that they were not named in the
15  action, that Plaintiff West had a pending motion and hearing regarding her interest,
16  and that the court lacked jurisdiction over them. Nevertheless, Defendants proceeded
17  to remove Plaintiffs and seize their property.

18      75.    Any post-deprivation hearing held on November 7, 2024, did not cure
19  the violation because the deprivation had already occurred, Plaintiffs' home had
20  already been taken, and Defendants continued to refuse access, inventory, or
21  retrieval despite a signed Stay Order restoring possession (*See* Exhibit F).

22      76.    Defendants' conduct directly caused Plaintiffs' loss of property,
23  dispossession of their home, and severe emotional and economic harm.

**Count 2 — 42 U.S.C. §1983: Unreasonable Seizure (4th Amendment)**

25      77.    Plaintiffs reallege the foregoing paragraphs.

26      78.    The Fourth Amendment protects against unreasonable seizures of
27  persons and property, and this protection extends to civil seizures carried out under
28  color of state law. *Soldal v. Cook County*, 506 U.S. 56, 61–63 (1992). The removal

1  of a person from their home and the seizure or destruction of personal property

2  constitute "seizures" under the Fourth Amendment.

3      79.    Deputy Wallace's execution of the writ against Plaintiffs—non-parties

4  not identified anywhere in the writ—was an unreasonable seizure. A state officer

5  may not rely on a court order that is facially invalid as applied to the individuals

6  being seized, nor may he extend the scope of a writ to occupants not named in the

7  judgment. By enforcing the writ against Plaintiffs and removing their personal

8  property, Deputy Wallace acted without any lawful warrant, court order, or statutory

9  authority authorizing the seizure.

10     80.    Defendant Burns' on-scene direction of the eviction and control over

11 Plaintiffs' property, and Defendant Owens' role in coordinating the removal and

12 later refusing to honor a Stay Order, constitute joint action with state officials and

13 satisfy the "under color of state law" requirement. *Lugar v. Edmondson Oil Co.*, 457

14 U.S. 922, 937 (1982).

15     81.    The seizure of Plaintiffs' possessions—including furniture, animals,

16 heirlooms, business files, HIPAA-protected records, clothing, materials, and

17 irreplaceable personal items—was unreasonable, unlawful, and in clear violation of

18 the Fourth Amendment.

19              **Count 3 — Municipal Liability: 42 U.S.C. § 1983**

20     82.    Plaintiffs reallege the foregoing paragraphs.

21     83.    Kootenai County, acting through the Kootenai County Sheriff's Office,

22 maintained and permitted a policy, custom, or practice of enforcing writs of

23 restitution against persons not named in the writ, without verifying lawful authority,

24 party identity, or jurisdiction. Deputy Wallace's conduct was not an isolated incident

25 but was undertaken in accordance with the Civil Division's established practices for

26 eviction enforcement.

27     84.    Multiple supervisory personnel within the Sheriff's Civil Division

28 reviewed the Stay Order issued on October 27, 2024, and nevertheless refused to

1    enforce it, advising Plaintiff West that the matter was "closed" and that no action

2    would be taken, even though the Stay Order expressly restored possession to her.

3    These decisions were made by individuals acting as final policymakers for eviction

4    enforcement and reflect an official County policy of disregarding due process rights

5    of non-party occupants.

6        85.    Kootenai County also failed to train or supervise its deputies regarding

7    constitutional limits on executing writs—particularly the requirement that deputies

8    may not remove individuals or seize property belonging to persons who were never

9    parties to the underlying action. This deliberate indifference was the moving force

10   behind the constitutional violations suffered by Plaintiffs. *Monell v. Dep't of Social*

11   *Servs.*, 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989).

**Count 4 — Conversion (Idaho State Law)**

13       86.    Plaintiffs reallege the foregoing paragraphs.

14       87.    Defendants have exercised unauthorized dominion over Plaintiffs'

15   property, threatened disposal, and refused lawful access.

16       88.    This constitutes conversion under Idaho law (*Taylor v. Herbold*, 132

17   Idaho 206 (2000); *Clark v. Kelly*, 97 Idaho 791 (1976)).

18       89.    Conversion = total dominion / destruction / disposal of property.

**Count 5 — Negligence / Breach of Bailment (Idaho Law)**

20       90.    Plaintiffs reallege the foregoing paragraphs.

21       91.    Defendants owed a duty of care to preserve and safeguard Plaintiffs'

22   property once in their possession.

23       92.    Once Defendants Burns, Owens, and Bristol George, PLLC assumed

24   exclusive control over Plaintiffs' personal property, they became bailees and owed

25   a duty of reasonable care to safeguard it, inventory it, and permit lawful retrieval.

26   Instead, they refused access, allowed perishable goods and live animals to die, and

27   threatened disposal. Defendant Kootenai County, acting through the Sheriff's

28

1  Office, owed a duty not to dispossess Plaintiffs or seize property absent lawful
2  authority. Defendants' breaches caused foreseeable and significant harm .

3      93.    Defendant Kootenai County, through its Sheriff's Office, owed a duty
4  not to dispossess Plaintiffs of their property absent lawful authority and to safeguard
5  property seized under color of law.

6      94.    Defendants breached that duty by refusing access, moving property
7  without inventory, allowing perishable items and animals to die, and threatening
8  destruction.

9      95.    Plaintiffs suffered actual and foreseeable damages.

10  **Count 6 — Intentional Infliction of Emotional Distress (IIED, Idaho Law)**

11      96.    Plaintiffs reallege the foregoing paragraphs.

12      97.    Defendants' conduct—including threats to break down the door,
13  coercing entry under duress, giving Plaintiff Perez only minutes to remove
14  belongings while armed deputies followed him through the home, refusing to
15  inventory property, threatening to dispose of all items, blocking communication,
16  refusing to honor a Stay Order, and ignoring repeated pleas to protect live animals
17  and sensitive business records—was extreme, outrageous, and undertaken with
18  reckless disregard for the severe emotional distress that would result. Plaintiffs
19  suffered significant emotional injury, including anxiety, depression, insomnia, panic
20  symptoms, and psychological trauma.

21      98.    Plaintiffs suffered severe emotional distress, including depression,
22  anxiety, insomnia, stress-related physical symptoms, and emotional trauma.

23      99.    Specific physical manifestations for Plaintiff West include but are not
24  limited to: insomnia, panic attacks, weight loss, depression and anxiety.

25      100.   The fact that Owens and Bristol George threatened to call police if
26  Plaintiffs came to retrieve their own property even after notice, is very outrageous,
27  especially given the fact that neither Plaintiff had ever been to the Bristol George
28  office.

- 15 -

# Count 7 — Trespass to Chattels (Idaho Law)

101.   Plaintiffs reallege the foregoing paragraphs.

102.   Defendants intentionally interfered with Plaintiffs' property, causing loss, damage, or destruction, without lawful consent.

103.   Trespass to chattels = interference short of full conversion (damage, deprivation, refusal of access) and is separate and distinct from Conversion.

## VI. PRAYER FOR RELIEF

Plaintiffs pray for money damages and injunctive relief against Defendants and asks the Court to:

1.   Enter temporary and preliminary injunctive relief requiring preservation of all property and access for inspection/retrieval;

2.   For a declaratory judgment under 28 U.S.C. § 2201 declaring that the writ of restitution and its enforcement against Plaintiffs were unconstitutional and void;

3.   Award compensatory damages for loss, destruction, or impairment of property, including monetary value and irreplaceable items;

4.   Award punitive damages for intentional, malicious, and reckless misconduct;

5.   Award emotional distress damages for severe psychological harm;

6.   Trial by jury on all issues so triable;

7.   Award costs of litigation, and for reasonable attorney's fees and costs under 42 U.S.C. § 1988(b); and,

8.   Such other and further relief as the Court may deem reasonable and just under the circumstances.

Plaintiffs contemporaneously move for a Temporary Restraining Order under Fed. R. Civ. P. 65(b) to prevent further loss or destruction of our property pending this Court's determination.

1

## <u>VERIFICATION</u>

2    I, Kyle Perez, and I, Marley West, declare and state as follows:

3    We are the Plaintiffs in the above-entitled matter. We have read the foregoing

4  Verified Complaint and know the content thereof, and the same is true of our own

5  knowledge, except as to matters which are stated upon our own information and

6  belief, which we believe to be true.

7    I declare under penalty of perjury that the foregoing is true and correct.

8  Executed on 11/14/2025 at Post Falls, Idaho.

9

10

11                                                by: _____

12                                                        Kyle Perez
                                                     Plaintiff in *Pro Per*
13

14

15

16                                                by: _____

17                                                        Marley West
                                                     Plaintiff in *Pro Se*
18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



# KOOTENAI COUNTY SHERIFF'S OFFICE

# MOVE OUT ADVISORY

TO: DEFENDANTS/OCCUPANTS

## YOU ARE BEING EVICTED FROM:

### 2067 W ALSEA AVE

### POST FALLS, ID 83854

BE ADVISED THAT YOU MUST BE MOVED FROM THIS LOCATION BY:

### IMMEDIATLY

(SEE ATTACHED COURT ORDER)

**PER IDAHO CODE SECTION 6-316(2): IF YOU FAIL TO MOVE YOUR BELONGINGS BY THE DATE ABOVE, A SHERIFF'S DEPUTY WILL RESTORE POSSESSION OF THE PREMISES TO THE PLAINTIFF, YOU WILL BE TRESPASSED FROM THE PROPERTY, AND THE LANDLORD OR HIS AGENTS CAN REMOVE AND DISPOSE OF ALL OF YOUR PROPERTY, INCLUDING ANY MOTOR VEHICLES, THAT REMAINS ON OR ABOUT THE PREMISES, WITHOUT FURTHER CONSIDERATION TO YOU.**

**YOU CAN BE CHARGED WITH TRESPASSING IF YOU REMAIN ON OR RETURN TO THIS LOCATION AFTER THE DATE AND TIME INDICATED ABOVE.  DEPUTIES CAN PHYSICALLY REMOVE YOU FROM THE PREMISES IF YOU DO NOT MOVE.**

THIS NOTICE POSTED ON:

DATE 10/25/2025 AT 1400 ☐ AM ☒ PM

POSTED BY: _____ 23H

PO Box 9000, Coeur d'Alene, ID 83816   2451 W Dakota Ave, Hayden, ID 83835
Phone: (208)446-1309   Fax: (208)446-2181   Email: socivil@kcgov.us   Website: kcsheriff.com

Electronically Filed
10/20/2025 9:11 AM
First Judicial District, Kootenai County
Jennifer Locke, Clerk of the Court
By: Allissa LeBlanc, Deputy Clerk



**Bristol George**
REAL ESTATE & CONSTRUCTION LAWYERS

Jacob E. Owens, ISB No. 12380
1900 Northwest Blvd., Suite 200
Coeur d'Alene, ID 83814
208-664-4700
jacob@bristolgeorge.com
*Attorney for Plaintiff*

### IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| BENJAMIN BURNS, an individual,<br><br>                              Plaintiff,<br><br>vs.<br><br>WH RECOVERY POST FALLS INC., an Idaho corporation,<br><br>                              Defendant. | Case No. CV28-25-3582<br><br>**WRIT OF EXECUTION** |

TO THE SHERIFF OR ANY CONSTABLE OF THE COUNTY:

WHEREAS, a certain action for the possession of the following described premises, to-wit: Kootenai District Court Case No. CV28-25-3582, lately tried before the above entitled court, wherein BENJAMIN BURNS was plaintiff and WH RECOVERY POST FALLS INC. was defendant, judgment was rendered on the 6th day of October, 2025 A.D., that the plaintiff Benjamin Burns has restitution of the premises, and also that he recover the costs and disbursements in the sum of $3,046.00;

In the name of the State of Idaho, you are, therefore, hereby commanded to cause the defendant to be forthwith removed from the premises and the plaintiff is to have restitution of the same. In the event the goods and chattels are not promptly removed thereafter by the defendant, the plaintiff is authorized to remove the same pursuant to Section 6-316(2), Idaho

WRIT OF EXECUTION – 1

Code. Upon returning premises to the plaintiff, the sheriff will make legal service and due return of this writ.

WITNESS My hand and official seal (if issued out of a court of record) this _____ 10/20/2025 9:11 AM , 2025

Jennifer Locke

By: _Allissa LeBlanc_
Clerk of the District Court

WRIT OF EXECUTION – 2

# EXHIBIT B

 **Gmail**

## CV28-25-3582

**marley west** <marleyalaina@gmail.com>                                   Thu, Oct 23, 2025 at 4:29 P
To: jacob@bristolgeorge.com

Hi Jacob,

You had a writ of execution filed on 10/20.
There was no notice provided to myself who is the current occupant of the property with a bonafide lease which you
were provided on 10/14 when I emailed you with the motion to intervene I filed.

I have tried to contact you multiple times over the course of months with no response. You always seem to skate out
of the office when I call.

The sheriff came today and removed me from the property.

What happens to all of my personal property? I have hundreds of thousands of dollars of personal property in the
home that I was prevented from gathering. If any of my personal property is damaged, sold or missing, there will be a
problem.

You are a snake and a despicable human being.

Advise on my property ASAP!!!

I'll see you in court.

# EXHIBIT C

**Subject:** RE: CV28-25-3582
**Date:** Monday, October 27, 2025 at 6:19:31 AM Pacific Daylight Time
**From:** Alyssa Schertz
**To:** Marley
**Attachments:** image001.png, image002.png, image003.png, image004.png

Good morning Ms. West,

I apologize for the delay as I was out of the office for a couple days. I understand you're having difficulties, however I cannot give legal advice, and the information you're seeking would be considered legal advice. I can answer any procedural questions regarding filings or setting hearings, but I cannot give you legal advice on how to best find resolution in your case.

As I cannot provide legal advice, I would strongly suggest you contact an attorney regarding your concerns, or reach out to our Court Assistance Officer, Jay Sturgell, who can be contacted via phone at (208) 446-1225. He may be able to point you in the direction of alternatives for service. Alternatively, you may choose to research the laws and statutes of Idaho regarding alternatives for service, including service via publication. The Idaho Statutes and Idaho Rules can be found at the links below:

https://isc.idaho.gov/

https://legislature.idaho.gov/statutesrules/idstat/

As far as the hearing coming up on November 7, I would strongly suggest that you reach out to an attorney for assistance in this matter.

Please let me know if you need anything further.



**Alyssa Schertz**
Judicial Assistant | Judge McCrea

 (208) 446-1213
 aschertz@kootenai.idcourts.gov
PO Box 9000 Coeur d'Alene, ID 83816

**From:** Marley <marley@recoveryatwhitehouse.com>
**Sent:** Friday, October 24, 2025 9:47 AM
**To:** Alyssa Schertz <aschertz@kootenai.idcourts.gov>
**Subject:** Re: CV28-25-3582

Hello,

Following up again from my voicemails and email yesterday.

I am concerned about the safety of my property.

1 of

There is a bitcoin wallet in the property, my medications, my fish (live animals), a significant amount of protected health information of the clients I serve.

I feel extremely violated.

I don't understand how I was removed from the property when I wasn't named in the eviction and I have a motion hearing coming up on 11/7. I have a lease to this property and I was not named in the original suit. I was never served a writ of restitution. I was home on 10/20. I have cameras. There was no notice provided to me. Where was the notice for the writ of restitution?

Why does the paperwork I was provided yesterday, give a date of notice for 10/25 which is 2 days in the future from the time they forcibly and illegally removed me from the home?

Irregardless I never received any notice of a writ and the court and other parties lawyer were on notice that I had a lease and was moving to intervene and assert my tenant rights.

Please contact me as soon as possible this is an urgent matter. This is an emergency.

323-522-7000

Get Outlook for iOS

---

**From:** Marley
**Sent:** Thursday, October 23, 2025 4:00:57 PM
**To:** aschertz@kootenai.idcourts.gov <aschertz@kootenai.idcourts.gov>
**Subject:** CV28-25-3582

Hi Alyssa,

The sheriff came and removed me from the property at 2067 w Alsea ave that is the property in question in the case.

I was given no notice.

I was not served with anything or notified of the writ of execution.

I'm not even named in the case and I have a hearing on 11/7 for my motion to intervene.

The sheriff's document says we were notified on 10/25 which is 2 days in the future from today when they came.

What happens to all my personal property inside that home that I was prevented from getting?

Mr. Burns was shouting obscenities at us and causing a scene for the whole neighborhood to watch.

Get Outlook for iOS

# EXHIBIT D

# Plaintiff's Property Inventory

***This list is not all-inclusive***

Receipts and or proof of ownership can be provided

**Living items**
- 10 gal fish tank containing 2 snails, 5 fish, 1 frog and a living plant ($200)
- 1 constellation thai monstera plant ($39.99)
- 2 snake plants ($15 x 2)
- 2 pothos plants ($10 x 2)

**Shoes**
- 4 pairs of male size 9 aldo dress shoes
- 4 pairs female size 6 christian louboutin heels- So Kate Patent leather black ($845), pigalle follies plume studded suede pumps ($1,495), Kate Ribbon patent leather ($1,250), Kate 100 Nude ($945)
- 2 pairs nike air force 1 male size 9
- 1 pair nike air max male size 9
- 1 pair female size 6 limited edition gucci ace supreme bees tennis shoes ($650)
- 1 pair female size 6 hunter rain boots off white
- 1 pair female size 6 knee high cream boots
- at least 6 pairs of high heels female size 6 - michael kors, Steve madden, etc
- 1 pair female size 6 steve madden tennis shoes
- 1 pair saucony female size 6 tennis shoes
- 3 pairs gucci flip flops male size 9 ($880 x 3)
- 4 pairs male size 9 gucci tennis shoes- ace supreme bee, ace supreme bees, ace web green and red, ace web navy and red ($650 x 4)
- 2 pairs black timberland work boots male size 9
- 1 pair ugg winter boots male size 9
- 1 pair male size 9 hiking boot
- Various other male size 9 shoes in a plastic tub
- 2 pairs female size 6 mule slip on ($39.21 x 2)
- 2 pairs steve madden female size 6 sandals
- 1 pair female size 6 water shoes ($14.24)

**Purses**
- 1 louis vuitton speedy 35 travel bag ($1,730)
- 1 limited edition gucci gg supreme bee tote ($2,490)

**Clothes**
- Fashion nova brand clothing at least 3k worth of clothing in these receipts
- 15 custom made italian suit sets - male ($1,500 x 15)
- 2 custom made italian 3 piece suit set - female ($1,500 x 3)
- 3 custom made overcoats- male ($1,200)
- 3 custom made male fur coats- fox, mink, wolf ($3,500-6,000 x 3)
- 1 custom made overcoat- female ($1,200)

- 2 versace baroque bathrobe- 1 black, 1 hot pink ($575 x 2)
- 3 gucci twilly silk neck ties- gg supreme bee, etc ($250 x 3)
- 6 scotch and soda size L/XL shirts
- 2 scotch and soda male sweat suits size L/XL- blue, tie dye green
- 20 custom made italian dress shirts- male ($125 x 20)
- at least 15 pairs of lingerie
- 5 pairs of male size L jeans
- 4 pairs size L jean shorts
- 2 pairs mens leather gloves- black and tan ($39.21 x 2)
- 1 YIANNA womens waist trainer beige latex ($23.19)
- 1 brown puffer jacket with wool trim ($66.36)
- Various other items such as socks, underwear, work out clothes, etc that cant be individually named

**Kitchen/Cooking utensils**
- 1 crock pot
- 1 vitamix blender
- 1 waffle maker
- 1 juice press
- 1 citrus juicer
- 1 electric griddle
- 1 kitchen aide stand mixer
- 1 caraway pot/pan cookware and mini set ($945)
- 1 caraway cookware steamer duo set ($130)
- 1 caraway 22 piece food storage + minis set ($545)
- 2 sets of caraway dash containers ($25 x 2)
- 2 sets of caraway dots containers ($25 x 2)
- 1 caraway half bakeware set ($350)
- KLYRO wooden spoons for cooking- 9 piece teakwood set ($29.99)
- Greater goods brand food scale ($41.99)
- 1 tortilla press
- 1 tortilla warmer
- 1 ULTREAN air fryer- white ($59.99)
- 3 stainless steel taco holders
- 3 sets of plates, cups, bowls
- 2 sets of silverware
- various other cooking utensils
- 2 bamboo bed trays ($19.99 x 2)
- Blender Bottle ($9.99)
- 2 BBQ grills
- 4 bottles of Helix wine
- 2 deep freezers full of private label meat from HBK Farms- half of a hog, half of a cow ($1600 per half cow/pig)
- 2 optimum nutrition whey protein powder 2 pound containers ($27.87 x 2)
- 1 fridge/freezer full of food

**Furniture**
- Rattan boho TV stand for 65" tv ($99.99)
- 6 drawer rattan boho dresser ($139.64)
- 3 custom made portrait paintings
- IRONCK industrial bookshelves and bookcase ($211.99)
- 2 computer desks ODK 39" ($52.99 x 2)
- 1 L shaped sectional couch - Ashley Furniture
- 1 kitchen table with 4 chairs- Ashley furniture
- 4 bar stool chairs- Ashley Furniture
- 1 bar top table with 2 chairs
- 1 outdoor high top table with 4 chairs
- 4 NEO office chairs- black ($44.98 x 4)
- 2 TOTO neorest dual flush bidet toilet (brand new wrapped on a pallet) ($5,391 x 2)
- 1 clawfoot tub ($3,000)

**Electronics**
- 65" flat screen smart tv
- 3 flat screen smart tvs 32"
- 50" flat screen smart tv
- 24" desktop iMac computer with bluetooth mouse and keyboard ($1,699)
- 6 google nest outdoor cameras
- 2 google nest indoor cameras 1st generation ($179.85 x 2)
- 1 amazon blink mini pan tilt indoor 360 camera ($59.99)
- 4 white noise machines ($19.98 x 4)
- ORAIMO handheld vacuum ($22.99)
- 2 dyson vacuums
- 1 epson printer ET-5800
- BONSAI brand paper shredder ($31.52)

**Work out**
- retrospec resistance band set ($13.99)
- DMOOSE ankle strap ($8.99)
- 1 female YOGA TOES size small ($36.95)
- 1 male YOGA TOES size L ($36.95)
- CARETRAS bunion corrector 2 pack ($22.99)
- IMENSEAS Grip strength trainer set ($13.67)
- 1 cork yoga block
- 1 cork yoga mat
- 1 cream colored yoga strap
- 1 woven mexican blanket
- Pink GOFLAME ballet Barre ($95.99)
- THERAGUN massage gun
- YES4ALL high density foam roller ($10.24)
- 1 treadmill ($120)

**Dog stuff**
- SUNFURA dog coat ($27.89)
- 1 pair pink dog shoes ($28.99)
- 2 dog beds ($21.19 x 2)
- 1 slow feeder ($14.99)
- 1 dripless water bowl ($20.99)
- Dog Puzzle Slow Feeder toy ($9.99)
- Calming hemp chews for dogs ($28.95)
- 50 lb bag of dog food from Costco

**Bedding**
- 1 queen size tempurpedic brand memory foam mattress
- 1 king size tempurpedic brand memory foam mattress
- 1 king/cal king size egyptian cotton 500 thread count down comforter ($240)
- 1 king size sheet set from Cozy Earth
- 2 queen size down pillows from cozy earth
- 4 king size my pillow
- 4 my pillow full body towels
- 2 my pillow hand towels
- 2 my pillow wash cloths
- 3 twin size memory foam mattress ($272.99 x 3)
- 1 twin bunk bedframe
- 1 twin bedframe
- 1 queen upholstered bed frame
- 1 king upholstered bedframe
- 3 twin size mattress protectors ($12.99 x 3)
- 3 twin size mattress toppers ($44.00 x 3)

**Books**
- hey beginner wife ($17.99)
- how a husband speaks ($19.99)
- stop overthinking
- adult children of emotionally immature parents ($8.95)
- attachment theory workbook ($8.99)
- retrain your brain- cognitive behavioral therapy ($6.46)
- seeking safety treatment manual ($32.08)
- addiction recovery skills workbook ($10.19)
- acceptance and commitment therapy toolbox ($13.93)
- 101 trauma informed interventions ($15.65)
- rich dad poor dad ($7.34)
- rich dad poor dad cashflow quadrant ($12.38)
- crockpot recipe collection ($10.00)
- strength in the struggle bible work book ($9.99)
- NKJV womens study bible hardcover ($21.99)
- how a wife speaks ($17.99)

- recovery dharma ($9.61)
- the four agreements ($7.96)
- 2 rational recovery ($15.05 x 2)
- becoming the woman god wants me to be ($12.29)
- dont wait till I die to love me ($12.99)
- it didnt start with you ($13.98)
- Shadow work journal ($17.77)
- Untangle your emotions ($16.49)
- Triangles ($5.50)
- 2 Spiral bound ABERLLS journals- green and brown ($6.99 x 2)
- Various other books Kyle have purchased

**Board games**
- othello ($26.30)
- mancala ($12.70)
- couples reconnect card game ($34.95)
- SORRY
- the game of life
- monopoly limited edition

**Kids**
- various children's toys
- 1 Brand new ride along Mercedes benz electric childrens car
- 1 police style electric childrens car
- several boxes of children's clothes and shoes

**Camping gear**
- 3 sleeping bags
- 2 six person tents

**Emergency supplies**
- 36 boxes of READY WISE long term emergency food supply ($11,039.64)

**Fishing gear**
- lures ($26.49)
- 5 fishing poles

**Personal care / makeup**
- roughly $300-400 worth of make up
- roughly $300 of skin care and personal care products
- LANBENA blackhead remover strips ($13.99)
- Remington Shine 1" plate hair straightener ($29.99)
- CONAIR 1" curling iron ($11.55)
- KISS air dryer ($19.97)
- CONAIR copper venter round brush ($12.97)

**Misc./ Other**
- family heirlooms
- personal documents- social security cards, birth certificates, death records, etc
- family photo albums gifted from deceased family members
- HIPPA protected information from clients I serve in my behavioral health practice
- Financial documents including tax returns, blank business and personal checks
- Bank records- account opening documents, loan documents, account numbers, credit/debit cards
- prescription medications, supplements
- 2 individual removable seats belonging to a Mercedes Benz metris van
- 1 new package of costco brand toilet paper 36 pack
- 1 new package of costco brand paper towels
- 36" x 24" easel white board
- Delta 4.0 spray matte black 6" round shower head with handheld combo ($141.75)
- Black-Decker steam iron ($10.36)

# EXHIBIT E

Filed: 10/27/2025 13:21:37
First Judicial District, Kootenai Cour
Jennifer Locke, Clerk of the Court
By: Deputy Clerk - Schertz, Alyssa

## IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

BENJAMIN BURNS,
*Plaintiff,*

v.

WH RECOVERY POST FALLS INC.,
*Defendant.*

CASE NUMBER CV28-25-3582

ORDER TEMPORARILY STAYING ENFORCEMENT OF THE WRIT OF EXECUTION AS TO MARLEY WEST

Before the Court is the Emergency Motion to Vacate Void Enforcement, Quash Writ, and Restore Possession Pending Hearing. Based on the filings related to the asserted lease between Marley West and Quamish Drive LLC, it is hereby ordered that the Writ of Execution entered on October 20, 2025, is stayed only as to Ms. West and her agents and employees pending a hearing on the merits of the claims asserted by Ms. West. A hearing on the matter will be scheduled at the earliest date available to the Plaintiff, Ms. West, and the Court.

DATED **10/27/2025 1:16:44 PM**

*Barry McHugh*
Barry McHugh for Regina McCrea
District Judge

ORDER TEMPORARILY STAYING ENFORCEMENT OF THE WRIT OF EXECUTION AS TO MARLEY WEST - 1

## CERTIFICATE OF SERVICE

I hereby certify that on _____October 27, 2025_____, a copy of the foregoing Order was
sent to:

Jacob Owens
jacob@bristolgeorge.com

Marley West
2067 W. Alsea Avenue
Post Falls, ID 83854
marleyalaina@gmail.com

JENNIFER LOCKE
CLERK OF THE DISTRICT COURT

By_____
Deputy Clerk

# EXHIBIT F

**Subject:** RE: CV28-25-3582
**Date:** Tuesday, October 28, 2025 at 8:25:56 AM Pacific Daylight Time
**From:** Alyssa Schertz
**To:** Marley
**Attachments:** image001.png, image002.png, image003.png, image004.png

Good morning,

Emailing to let you know that Judge McCrea is not going to be signing the order you filed as the order signed by Judge McHugh is sufficient.

Thank you,



**Alyssa Schertz**
Judicial Assistant l Judge McCrea

📞 (208) 446-1213
✉ aschertz@kootenai.idcourts.gov
📍 PO Box 9000 Coeur d'Alene, ID 83816

**From:** Marley <marley@recoveryatwhitehouse.com>
**Sent:** Monday, October 27, 2025 4:59 PM
**To:** Alyssa Schertz <aschertz@kootenai.idcourts.gov>
**Subject:** Re: CV28-25-3582

Hi Alyssa, I have not heard back from you about the second filing I did today. I emailed you at 2:43 and again at 3 PM with a copy of the filing. Please contact me to let me know what the next steps are for an ex parte hearing as soon as possible

Get Outlook for iOS

**From:** Marley <marley@recoveryatwhitehouse.com>
**Sent:** Monday, October 27, 2025 3:00:37 PM
**To:** Alyssa Schertz <aschertz@kootenai.idcourts.gov>
**Subject:** Re: CV28-25-3582

Get Outlook for iOS

**From:** Marley <marley@recoveryatwhitehouse.com>
**Sent:** Monday, October 27, 2025 2:42:58 PM
**To:** Alyssa Schertz <aschertz@kootenai.idcourts.gov>

1 of

# EXHIBIT G

| | | |
|---|---|---|
| | | claim under WH. The writ is void to me and other parties. I should have never been evicted from this house. I would like to get my items and animals. |
| 3:16:09 PM | Judge McCrea | Court will start with the motion to strike declarations. Court denies striking those declarations. Most arguments put toward go to issues other than inadmissibility. All other arguments pertain to the relevance. On October 6, default was entered and granted. This case is a real property and involves real property. Notice applicable includes notice to the property itself. Notice was given to whatever occupants may have been at the property. Record is sufficient showing that the obligation was satisfied. Once the default was entered, a writ was issued. Once the court was satisfied that service was given, default was granted. |
| 3:18:51 PM | | As the request to take judicial notice, Court is happy to take judicial notice. A lot of what you're citing is not relevant. UCC article 7 is not relevant. This case is about real estate and govern by different laws. No grounds of neglect are present today. Ms. West had notice of this proceeding. You were making phone calls to my office. You knew that WH was the named defendant. |
| 3:20:33 PM | | There are no newly discovered evidence. The action was filed. Mr. Burns filed a verified complaint asserting that he was the title owner and followed appropriate steps. Court doesn't find basis where the judgment could be voided. No other justification for relief. Court is also not only able to consider those laws but consider if you're likely to prevail. That is an appropriate basis if there is good cause. Court does not believe that you're likely to prevail in establishing what you would need in order to have your possession restored. |
| 3:23:35 PM | | Court will deny your emergency motions on the merits. Mr. Owens to prepare order. Order must indicate that the motion to intervene was granted. Motion to strike and emergency motions was denied. Motion to stay writ is vacated. |
| 3:24:15 PM | Marley West | What do I do about my property? |
| 3:24:22 PM | Judge McCrea | Cannot give you legal advice. |
| 3:25:07 PM | | It is not appropriate to provide any legal advice. |
| 3:25:53 PM | Jacob Owens | Nothing further. |
| 3:26:01 PM | Judge McCrea | This matter will be closed. Submission of an order will address all motions. |

# EXHIBIT H

 Gmail

---

## Retrieval of property

**marley west** <marleyalaina@gmail.com>
To: jacob@bristolgeorge.com

Sun, Nov 9, 2025 at 3:11 P

Hello Jacob,

I am sending this email Sunday 11/9 with the anticipation you will respond Monday 11/10.

Please advise when I will be able to pick up my property from 2067 w Alsea.

As there is a significant amount of personal property in the home, I will need at least a day or 2 to coordinate logistics to remove everything as quickly and efficiently as possible.

Thank you

# EXHIBIT I

# M Gmail

---

## Retrieval of property

---

**marley west** <marleyalaina@gmail.com>                     Mon, Nov 10, 2025 at 1:35 F
To: jacob@bristolgeorge.com

Hello Jacob,

I just left a voicemail for you (Monday Nov 10, 2025 at 130pm).

I am attempting to follow up on the email I sent you yesterday sunday 11/9/25 regarding retrieval of my property from
2067 W Alsea Ave.

On Friday at court you said you would be contacting me, and here you are back to your games of not contacting me.
All I am trying to do is handle this quickly and efficiently so we can be done with this. Until then I will keep bothering
you as my property has been held hostage for almost 3 weeks now and I have been deprived of my rights to retrieve
it.

My fish are probably dead now because of you and your client refusing me the right to retrieve my property.

Please advise immediately.

# EXHIBIT J



## Bristol George
### REAL ESTATE & CONSTRUCTION LAWYERS

**Coeur d'Alene:**
1900 Northwest Boulevard, Suite 200
Coeur d'Alene, Idaho 83814

**Spokane:**
601 West First Avenue, Suite 1400
Spokane, Washington 99201

www.BristolGeorge.com
866-511-1500

November 11, 2025

To: WH RECOVERY POST FALLS, INC.

*SENT VIA ELECTRONIC MAIL*
Marley West
Agent of WH Recovery
marleyalaina@gmail.com

Kyle Perez
Agent of WH Recovery
kyleperezestate@gmail.com

***Re:    2067 W Alsea Avenue, Post Falls, ID 83854-7920***

Ms. West and Mr. Perez,

On October 24, 2025, my client recovered possession of the premises at 2067 W. Alsea Avenue, Post Falls, ID 83854 from WH Recovery Post Falls, Inc. (WH Recovery) pursuant to a judgment and writ of execution issued by the Kootenai County District Court in Case No. CV28-25-2582. Pursuant to the terms of the judgment issued October 6, WH Recovery had seven days to vacate the property. See also I.C. § 6-316(2) (When "the finding of the court is in favor of the landlord and for the possession of the premises… a commercial tenant or a tenant with a tract of land five (5) acres or more shall have seven (7) days to remove his belongings from the premises.")

Because WH Recovery did not vacate the property by October 13 as required, my client was and is entitled to remove and dispose of all of WH Recovery's property. I.C. § 6-316(2); *see also Caldwell Land and Cattle, LLC v. Johnson Thermal Systems, Inc.*, 165 Idaho 787, 809, 452 P.3d 809, 831 (2019) (when tenants did not remove an electrical transformer after unlawful detainer, the transformer became property of the landlord).

Nevertheless, my client is willing to restore WH Recovery's property to it upon certain conditions. The property has been moved to a storage unit, and a key to this unit will be provided to you if you and Mr. Perez, as agents of WH Recovery, will agree to these conditions. Said conditions are:

1. You and Mr. Perez, both personally and as agents of WH Recovery Post Falls, Inc., and all other entities you are agents of, will sign an agreement waiving all claims you and said entities may have against my client, including but not limited to claims arising out of the repossession of the premises and any leasehold or other interests you assert in the subject property.

Marley West
Kyle Perez
November 11, 2025
Page 2 of 2

2.  You will provide me with a physical address where I can mail correspondence and a key to WH Recovery.

This offer will remain open **until November 25**. If these conditions are accepted, I will draft the agreement in condition #1 for you to sign. Said agreement must be signed and returned to me by November 30 or this offer will expire.

After the agreement is signed and returned to me, the address of the storage unit and a key will be mailed to the address provided by you in condition #2. After the key is mailed, you will have 14 days to remove WH Recovery's property from the unit. After that date, any property that remains will be disposed of.

If this offer is not accepted, my client will exercise his right under I.C. § 6-316 to dispose of WH Recovery's property.

**Finally, all future correspondence with our office must happen exclusively via electronic mail. Our office will not take phone calls from WH Recovery or its agents.**

Sincerely,

BRISTOL | GEORGE


_/s/ Jacob Owens_
Jacob Owens

JEO/rr

# EXHIBIT K

**VIA ELECTRONIC MAIL ONLY**

Jacob Owens, Esq.                                                    **November 11, 2025**
Bristol George
1900 Northwest Boulevard, Suite 200
Coeur d'Alene, Idaho 83814
Email: jacob@bristolgeorge.com

**Re: Unlawful Seizure and Ongoing Retention of Personal and Protected Property — 2067 W. Alsea Avenue, Post Falls, Idaho**

Dear Mr. Owens:

I acknowledge receipt of your correspondence dated November 11, 2025, regarding property seized from 2067 W. Alsea Avenue, Post Falls, Idaho.

I am writing in my individual capacity as **Marley West**, a lawful occupant, whose personal belongings and professional records were taken during execution of a writ in CV28-25-2582. I was not a party to that case, was never served, and no order authorized any seizure of my property. Your client's continued possession of my personal and professional effects and his conditioning of access on the signing of a waiver of claims constitute an ongoing deprivation of rights under color of law in violation of 42 U.S.C. § 1983.

At the time of the eviction, I immediately requested permission to retrieve my property, both verbally during the removal and again by email sent on **October 23, 2025, at 4:29 p.m.**, within two hours of the eviction. Additionally, a **court filing was made and granted on October 27, 2025**, allowing retrieval of personal property, which your client refused to honor.

For clarity, **WH Recovery** and **White House Recovery & Detox, LLC** are **two distinct and unrelated legal entities**. Your client's repeated references to "WH Recovery property" are therefore false and misleading. The items taken included my **personal belongings**, not property belonging to WH Recovery. Any attempt to categorize them otherwise is an improper justification for ongoing possession.

Furthermore, it has **never been confirmed by the court** that either **Kyle Perez** or I were agents of WH Recovery. Judge McCrea did not make such a finding. The only statement made was that I "should have been aware" of the eviction due to my residency there and access to mail, **not because I was an agent** of any entity.

Among the seized property were **living organisms (aquarium fish, plants, and other biological materials) that I was not permitted to retrieve.** These have since been destroyed or disposed of, representing not only a material loss but a **deep personal violation**. I also had **one refrigerator/freezer full of food in the kitchen and two deep freezers in the garage containing private-label meat products**, all of which have likewise been lost or disposed of. These losses amount to **several hundred dollars in additional property damage**. I feel my rights and dignity have been disregarded through this process.

Additionally, as a behavioral health professional, the premises contained **confidential treatment files and patient records containing Protected Health Information (PHI)** under the Health

Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 160 et seq. The unlawful seizure and continued possession of those files by your client constitute a **violation of federal privacy law**, triggering obligations under 45 C.F.R. § 164.530 and § 164.410. These records must be secured immediately, and no unauthorized inspection, copying, or disclosure may occur.

Your client's offer to mail a key is not feasible. As I explained **in court to you after the hearing,** I do not have a physical mailing address because I am **effectively homeless as a result of this wrongful eviction.** I will **personally come to your office to retrieve the key immediately** upon your confirmation that it is available.

I also request **additional time to inspect and inventory my property.** Without access to perform a full accounting, I cannot determine what remains, what has been damaged or destroyed, or what confidential records have been compromised. Requiring me to sign any waiver before inspection is coercive and unacceptable.

Above all, I simply want my property returned and this matter resolved. The ongoing withholding of my belongings, and the loss already suffered, has caused significant distress and hardship.

Accordingly, this serves as formal notice and demand:
1. **Preservation of Property and Records** – All personal property, living organisms, electronic devices, files, and records removed from 2067 W. Alsea Avenue must be preserved intact. No destruction, disposal, or alteration may occur.
2. **Inventory and Documentation** – Within three (3) days, produce a complete inventory of all items taken, their location and condition, including photographic documentation of each container and storage area.
3. **Inspection and Access** – I must be granted immediate physical access to the storage location to inspect and independently inventory all property and records within three (3) days. Any refusal will be treated as spoliation of evidence and a continuing constitutional and federal privacy violation.
4. **Notice of Federal Action** – I am preparing to file a civil-rights complaint in the United States District Court pursuant to 42 U.S.C. § 1983, naming your client, the Kootenai County Sheriff's Office, and others responsible for the unlawful seizure and deprivation of property and compromise of federally protected health information.
5. **Reservation of Rights** – All rights and remedies under the United States Constitution and federal law are expressly reserved.

Please confirm in writing that (a) no property or records will be destroyed or transferred; (b) all materials remain secure; and (c) a date for immediate inspection will be provided.

Respectfully,
**/s/ Marley West**
Occupant
Email: marleyalaina@gmail.com

# EXHIBIT L

# Bristol ⚜ George

### REAL ESTATE & CONSTRUCTION LAWYERS

**Coeur d'Alene:**
1900 Northwest Boulevard, Suite 200
Coeur d'Alene, Idaho 83814

**Spokane:**
601 West First Avenue, Suite 1400
Spokane, Washington 99201

www.BristolGeorge.com
866-511-1500

November 12, 2025

To: WH RECOVERY POST FALLS, INC.

*SENT VIA ELECTRONIC MAIL*
Marley West
Agent of WH Recovery
marleyalaina@gmail.com

Kyle Perez
Agent of WH Recovery
kyleperezestate@gmail.com

*Re:    2067 W Alsea Avenue, Post Falls, ID  83854-7920*

Ms. West and Mr. Perez,

Your demand/counteroffer in White House's November 11 Letter is rejected. Mr. Burns additionally withdraws the offer he made to White House in his November 10 letter.

This matter is closed, and no further demands will be entertained.

Your letter refused to provide us with an address for yourself and stated that you planned to come to our office. You are hereby on notice that Marley West, Kyle Perez, and/or any other agents of WH Recovery are hereby barred from the offices of Bristol George. If you appear at our office, **we will immediately call the police for trespass.**

Regards,

BRISTOL | GEORGE

Jacob Owens

JEO/rr

# EXHIBIT M

 **Gmail**

## 2067 W Alsea Avenue, Post Falls, ID 83854-7920

**marley west** <marleyalaina@gmail.com>
To: Rose Rye <rose@bristolgeorge.com>                                    Wed, Nov 12, 2025 at 6:18 F
Cc: "kyleperezestate@gmail.com" <kyleperezestate@gmail.com>, Jacob Owens <jacob@bristolgeorge.com>

Jacob,

That's not what I said. I'm not going to show up to your flunkee ass office willy nilly. I have never shown up to your office. No one has EVER shown up to your office. You clearly misunderstood what was written. I said I am HOMELESS. I DO NOT have a mailing address currently to send a key to. I said I will come to the office *when the key is ready*.

This is your last chance to provide me the opportunity to ensure ALL of my property is there and undamaged. Otherwise I will be filing in federal court immediately and will be moving ex parte for a TRO, OSC and damages.

I wasn't a named party, Kyle wasn't a named party. This is going to continue to be a MAJOR problem for Benjamin if he doesn't allow me to inspect my property and retrieve everything immediately. Aren't you supposed to be advising him? How does this help your client?

You haven't acknowledged anything I've said about how my fish were left in the home. Are they dead? I have thousands of dollars in shoes and clothes and designer purses, do you think I'm just going to walk away from this? Kyle has much more (he's going to be way more of a problem than me).

You haven't acknowledged how you took HIPPA protected client files which is a MAJOR violation of federal law. Do you think we're just going to allow you to have all of our business files and private client records?

You don't want to acknowledge anything because it will show how wrong you are.

I have never been to your office. Kyle has never been to your office.

You're scared because you know what you're doing is wrong and illegal and we're going to have a serious problem in federal court here so you're trying to threaten me with the police lol.

Get back to me ASAP and let me know how Benjamin wishes to move proceed.

Govern yourself accordingly,

Marley